UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

T.S. and E.S.

    Plaintiffs,

vs.

UNITED HEALTHCARE SERVICES, INC.

and

UNITED BEHAVIORAL HEALTH

and

DELOITTE LLP GROUP INSURANCE PLAN

    Defendants.

CASE NO.:

JUDGE:

MAGISTRATE JUDGE:

## COMPLAINT

Plaintiff T.S. is a Plan participant and Plaintiff E.S. is a Plan beneficiary as daughter of T.S. at the time of all matters relevant herein, by and through counsel for their Complaint herein allege against the Defendants United Healthcare Services, Inc. (hereinafter referred to as "UHS"), United Behavioral Health (hereinafter referred to as "UBH"), and the Deloitte LLP Group Insurance Plan (hereinafter "Deloitte Plan") and for their Complaint hereby state as follows:

### Parties, Jurisdiction, and Venue

1.     T.S. is a natural person residing in Cincinnati, Ohio and is the father of E.S. who is a covered person under the Deloitte Plan as a named beneficiary.

2.     T.S. is a principal of Deloitte LLP, a United States limited liability partnership that provides benefits for its employees and principals including, but not

limited to, the Deloitte LLP Group Insurance Plan. The Deloitte LLP Group Insurance Plan is an employee welfare benefit Plan under 29 U.S.C. § 1001, *et seq.*, the Employee Retirement Income Security Act of 1974 ("ERISA").

3. The Deloitte Plan is an employee health benefit Plan, a true and accurate copy of the Summary Plan Description ("SPD") that defines the health benefits is attached hereto as Exhibit A.

4. UHS and UBH are United Healthcare affiliated insurance companies doing business across the United States and in the State of Ohio.

5. UHS and UBH are the claim administrators for health claims under the Deloitte Plan and are functional fiduciaries as UHS and UBH control benefit determinations and have made the benefit denial that is the subject of this dispute.

6. This court has jurisdiction in this matter under 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

7. Venue is appropriate under 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(c) because Deloitte LLP operates and affiliates with T.S. in Hamilton County, Ohio and T.S. is a resident of the southern district of Ohio.

8. The Plaintiffs T.S. and E.S. both wish to preserve their family's anonymity in light of the sensitive nature of the medical care provided to E.S. that is the subject matter of this action and both Plaintiffs T.S. and E.S. wish to preserve their privacy under Fed. R. Pro. R. 5.2(a) and related privacy protections.

9. The Plaintiffs T.S. and E.S. seek a remedy that amongst other things, is an order of the court for the Defendants to comply with the statutory and regulatory requirements of ERISA that assure reasonable claim procedures and appeal processes

and Plaintiffs T.S. and E.S. request that the court order the administrators/insurers of the Deloitte Plan comply with the regulations to assure that a full and fair review of the denial of benefits for the treatment for E.S. is provided so that appropriate benefits that are due may be obtained under the Deloitte Plan.

### E.S.'s Background and Treatment

10. E.S. has a long history of mental health medical issues and has experienced a variety of serious health conditions and symptoms that have led to repeated contacts with health providers. She has been treated multiple times at the Lindner Center of Hope affiliated with Cincinnati Children's Hospital Medical Center where she had extensive diagnostic procedures and treatment.

11. E.S.'s treatment with local resources such as Cincinnati Children's Hospital Medical Center did not remediate her health issues and in 2018, she was referred to The Menninger Clinic in Houston, Texas for an extensive diagnostic evaluation that resulted in modification of her previous diagnoses.

12. E.S.'s treating physician at The Menninger Clinic recommended that she be admitted for in-patient treatment at CooperRiis, Inc. in Mill Spring, North Carolina.

13. Pre-authorization was obtained from UHS and UBH and both approved E.S.'s stay from May 30, 2018 through July 1, 2018.

14. During the course of the treatment at CooperRiis, UBH discontinued approval of the treatment and UHS and the Deloitte Plan discontinued payment of benefits prior to E.S.'s discharge recommendation by her treating physician. E.S. continued treatment until her treating physician recommended discharge and the benefits for this continuation of necessary treatment is sought.

15. On or about November 5, 2018 a first appeal of UBH's denial of benefits was sent and received by UBH on or about November 9, 2018.

16. On or about December 21, 2018 and again on December 30, 2018 letters were sent in response to the first appeal stating that there was a completion of the appeal and that it was denied.

17. The Deloitte Plan provides for two (2) appeals before an external review can be initiated. See SPD document, Exhibit A, p. 87 of 144.

18. Under the common law of ERISA, the Plan participant or beneficiary must exhaust the administrative remedies available prior to initiating an action under 29 U.S.C. § 1132(a)(1)(B).

19. On January 29, 2019 a letter was faxed to United Behavioral Health (UBH) Appeals and Grievances indicating that there was an intent to pursue the second level of internal review of the denial of benefits and further requested disclosure of necessary information related to the claim and for the documents that were related to this matter be produced. A true and accurate redacted copy of that correspondence and the related facsimile transmittal page is attached hereto as Exhibit B.

20. In addition to this correspondence, an authorization for representation was sent with the authorized representative form that had been provided by the Defendants, a HIPAA compliant release form, a general authorization for representation, and an authorization for the release of records. No response was made to this request.

21. On February 28, 2019, a second request was made to UBH, a true and accurate redacted copy of which is attached with the facsimile transmission page as

Exhibit C. Also, with that letter there was an enclosure of the January 29, 2019 letter with all the related prior enclosures. The redundant enclosures that are at paragraph nineteen are not repeated. No response to the second request was ever made by the Defendant UBH.

22. A third request was sent on March 21, 2019 reiterating that two prior requests had been made and enclosing the prior requests and the prior enclosures.

23. On March 21, 2019 this third request was sent by facsimile and certified mail, return receipt requested that reiterated that the prior requests were made and enclosed the prior requests and the enclosures and directed any further correspondence or communication to Plaintiffs' counsel, again requesting a full and complete response and compliance with the applicable claim regulations stating that if no response was made within ten days, the available alternatives would be explored. A true and accurate redacted copy of the letter is attached as Exhibit D along with the facsimile transmission page and certified mail receipts showing delivery on March 26, 2019. The redundant enclosures that are at paragraphs nineteen and twenty-one above are not repeated.

24. On April 9, 2019 a telephone contact was made with UBH and receipt of the prior requests was validated by "Amanda" in Customer Service who located it and said that it was "saved in the system."

25. Another contact with UBH was made on April 30, 2019 and "Christie" was asked about the status of the disclosure. "Christie" stated that an escalation team would contact Plaintiffs' counsel.

26. On May 1, 2019 an individual who identified himself as Alex Marsh, Jr. contacted Plaintiffs' counsel. Counsel explained to Mr. Marsh that the second internal appeal/grievance was being pursued, and that disclosure was required prior to the submission of the appeal.

27. Mr. Marsh assured counsel for the Plaintiffs that a prompt disclosure would be made and that the law office would be contacted.

28. No such contact was ever made nor has there been receipt of disclosure.

29. As a result of UBH's failure to respond, a fourth and final request was made on May 8, 2019 demanding that disclosure be made no later than Friday, May 17, 2019 and that if disclosure was not received, there would be an assumption that all extrajudicial attempts had been exhausted. A true and accurate redacted copy of this letter and facsimile transmission page is attached hereto as Exhibit E. The redundant enclosures that are at paragraphs nineteen, twenty-one, and twenty-four above are not repeated.

30. That date passed and no contact was ever made and the requests for disclosure were repeatedly ignored and no production of the requested documents necessary for the second appeal have been provided.

## First Cause of Action

31. Plaintiffs incorporate as if fully restated herein the allegations in paragraphs 1 through 30 of the Complaint.

32. 29 U.S.C. § 1133 requires that when there is a denial of ERISA benefits, the claim administrator act in accordance with the regulations of the Secretary of the Department of Labor and the claim administrator shall provide adequate notice in

writing to the participant or beneficiary to (2) afford a reasonable opportunity for a full and fair review by the appropriate named fiduciary of the decision denying the claim. The regulations are set forth in 29 C.F.R. § 2560.503-1(g)(i-iv). The Defendants have failed to comply with the notice requirements.

33. The claim regulations require disclosure and state under 29 C.F.R. § 2560.503-1(j) and defined in (m) there is a requirement after an adverse determination the claim administrator must provide upon request all documents, records, or other information relevant to the claim that (i) was relied upon in making the benefit determination; (ii) was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination; (iii) demonstrates compliance with the administrative processes and safeguards required pursuant to 29 C.F.R. § 2560.503-1(b)(5) in making the benefit determination. Such documents include all documents that were reviewed by UBH or any of its agents including any staff notes, memoranda, attorney recommendations, or opinions provided in that denial. The Plaintiffs have requested these documents through counsel and Defendant UBH has failed to comply.

34. Under the Affordable Care Act, healthcare claims are subject to further regulations under the claim appeal procedures including strict compliance with the regulations with some stated exceptions, none of which apply to this situation. 29 C.F.R. § 2590.715-2719(b)(2)(ii)(F)(2).

35. Any entity that is making a claim determination under ERISA is a functional fiduciary and as such, has an obligation to discharge its duties solely in the

interest of the Plan participants and beneficiaries for the exclusive purpose of providing benefits. 29 U.S.C. § 1104(a)(1), *et seq.* These statutory obligations demand accurate claim processing and evaluation by requiring the Plan and the claim administrators provide a "full and fair review" of claim denials that includes carrying out meaningful dialogue with the claimants who appeal denied claims. 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1132(2).

36. UBH's dereliction of its statutory and regulatory duty and its failure to act is a breach of the fiduciary duty it owes to the Plaintiffs under 29 U.S.C. § 1104 and § 1133 by the failure to comply with the applicable claim regulations to assure that there is a "full and fair review."

## Second Cause of Action

37. Plaintiffs incorporate as if fully restated herein the allegations in paragraphs 1 through 36 of the Complaint.

38. In its actions above UBH was acting as a claim fiduciary of the Deloitte Plan. UBH's refusal to respond to counsel for the Plaintiffs' repeated requests for documents and information related to E.S.'s treatment and the denial of her claims and the failure to respond to the authorizations submitted and comply with 29 C.F.R. § 2560.503-1(b)(4) that specifically provides for an authorized representative to act on behalf of the claimant in the claim process denies Plaintiffs TS and ES the right to a full and fair review of the Plaintiffs' claims for the wrongful denial of payment of benefits for E.S.'s treatment.

39. Defendant UBH's failure to provide information to Plaintiffs' counsel who is authorized to prepare the required second appeal to exhaust the administrative

remedies violates the claim regulations under 29 C.F.R. § 2560.503-1(b). These regulations require that a claim fiduciary maintain reasonable claim procedures for the filing of benefit claims, notification of benefit determinations, and appeal of adverse determinations. These procedures are reasonable under 29 C.F.R. § 2560.503-1(b)(3) only if "the claim procedures do not contain any provisions, are not administered in a way that unduly inhibits or hampers the initiation or processing of such claim for benefits . . . (4) the claim procedures do not preclude an authorized representative of a claimant from acting on behalf of such claimant in pursuing a benefit claim or appeal of adverse benefit determination . . . ." UBH has failed to maintain reasonable procedures.

40. Defendant UBH as a claim fiduciary is an agent acting on behalf of the employer Deloitte LLP's Plan because it is making claim determinations and controls decisions on the Plan benefits.

41. The failure to comply with the multiple requests and the failure to comply with the applicable regulations deprives the Plaintiffs of their rights that gives rise to a cause of action under 29 U.S.C. § 1104 and 29 U.S.C. § 1132(a)(3) that permits other equitable relief. The equitable relief is permitted when Plaintiffs cannot exhaust administrative remedies for a benefit claim under 29 U.S.C. § 1132(a)(1)(B) and is deprived of a full and fair review under 29 U.S.C. § 1133.

### Third Cause of Action

42. Plaintiffs incorporate as if fully restated herein the allegations in paragraphs 1 through 41 of the Complaint.

43. The failure of the Defendants to comply with the requirements of ERISA under 29 U.S.C. § 1133 and the applicable regulations under 29 U.S.C. § 2560.503-1, *et seq.* gives rise to an equitable remedy available to the Plaintiffs under 29 U.S.C. § 1132(a)(3) to enjoin any act or practice which violates the provisions of ERISA or to obtain any other equitable relief to redress such violations.

**WHEREFORE**, the Plaintiffs pray for the following relief:

A. The court issue an injunction enjoining the Defendants and order compliance with the statute and regulations for their failure to perform their fiduciary duties under the claim regulations and the failure to disclose the requested information as required of a claim fiduciary. The Plaintiffs request an order for the prompt and full disclosure of all information requested by the Plaintiffs forthwith.

B. Plaintiffs request that the court declare that the Defendants have violated their fiduciary duties and the beneficiaries' rights under 29 U.S.C. § 1104, *et seq.* and order that this continued breach of fiduciary duty cease and desist and order that the Defendants propose an immediate plan for remedy of these violations of fiduciary duty.

C. That the Defendants be ordered to provide equitable relief in the form of surcharge, estoppel, restitution, and/or disgorgement and/or a specific performance for their failure to comply with the requirements of ERISA and the applicable claim regulations to assure Plaintiffs are made whole and deter such further breaches.

D. That the Plaintiffs be awarded attorney fees and costs pursuant to 29 U.S.C. § 1132(g).

E. That the court order all such equitable relief that is available to the Plaintiffs.

Dated this 11th day of June, 2019 at Cincinnati, Ohio.

                                        Respectfully submitted,

By:   */s/ Robert Armand Perez Sr.*
       Robert Armand Perez, Sr., Esq. (OH 0009713)
       THE PEREZ LAW FIRM CO., L.P.A.
       6921 Fox Hill Lane
       Cincinnati, OH   45236-4905
       Telephone:   (513) 891-8777
       Facsimile:   (513) 891-0317
       E-mail:   rperez@cinci.rr.com
       **ATTORNEY FOR PLAINTIFFS T.S. & E.S.**