IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

T.S. and E.S.,

    Plaintiffs,

v.

United Healthcare Services, Inc., et al.,

    Defendants.

Case No. 1:19-cv-443

Judge Susan J. Dlott

Magistrate Judge Karen L. Litkovitz

**STIPULATION AND ORDER FOR THE PRODUCTION
AND EXCHANGE OF CONFIDENTIAL INFORMATION**

    This matter having come before the Court by stipulation of the undersigned parties for the entry of a protective order pursuant to pursuant to Federal Rules of Civil Procedure 26(c), limiting the review, copying, dissemination and filing of confidential documents and information to be produced by the parties and their respective counsel, or by any non-party in the course of discovery in this matter to the extent set forth below; and the parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

    IT IS hereby ORDERED that:

    1.    This Stipulation is being entered into to facilitate the production, exchange and discovery of documents and information produced in this litigation, including but not limited to administrative record documents, clinical records, protected health information, written discovery responses, as well as any affidavit or deposition testimony given in this action or

documents marked as exhibits at any deposition, that the Producing Party in good faith believes merit confidential treatment as specified herein (hereinafter the "Documents" or "Testimony").

2. Any Producing Party may designate Documents produced, or Testimony given, in connection with this action as "Confidential Information" by notation of "CONFIDENTIAL" in the lower left corner of each page of the Document, or statement on the record of the deposition and subsequently identifying the portions of the deposition to be so identified.

3. As used herein:

(a) "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, if such Documents or Testimony contain proprietary business information, competitively sensitive information, information reflecting customer medical or other sensitive personal data, or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business and/or operations or the business, operations, or dealings of any of that party's customers, clients, or constituents.

(b) "Producing Party" shall mean the parties to this action and any non-parties (and their respective counsel) producing "Confidential Information" in connection with depositions, discovery requests or otherwise, or the party asserting the confidentiality privilege, as the case may be.

(c) "Receiving Party" shall mean the parties to this action and/or any non-party (and their respective counsel) receiving "Confidential Information" in connection with depositions, discovery requests or otherwise.

4. Confidential Information shall also include "Protected Health Information" as described in 45 C.F.R. §§ 160.103 and 164.501 (the "Privacy Regulation"). This Stipulation is

intended to serve and shall be deemed a qualified protective order under 45 C.F.R. § 164.512(e)(1)(v) and shall be construed in conformity therewith.

5. The Receiving Party may notify the Producing Party in writing that the Receiving Party does not concur in the designation of a Document or other material as Confidential Information. The parties shall confer concerning the objection. If the objection is not resolved, the Receiving Party may move the Court for an order reclassifying those Documents or material. Whether or not such motion is filed, such Documents or material shall continue to be treated consistently with their initial designation unless and until the Court rules otherwise. With respect to any material the parties agree or the Court rules is not "confidential," the Producing Party shall, upon request, provide to each party which so requests an additional copy of the material from which all confidentiality legends affixed hereunder have been adjusted accordingly.

6. Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

(a) the parties and personnel of the parties actually engaged in assisting in the preparation of this action for hearing or other proceeding herein and who have been advised of their obligations hereunder;

(b) counsel, including in-house counsel for the parties to this action, the Plaintiffs' immediate family members for whom valid executed HIPAA releases are obtained (but only as to Confidential Information in the administrative record, including all appeal documents, claim administration decisions, and records regarding Plaintiffs' medical condition/treatment, the Summary Plan Description ("SPD"), and the Plan document without access to additional

Confidential Information), and the parties' associated attorneys, paralegals and other professional personnel (including support staff or third-party document support vendors) who are directly assisting such counsel in the preparation of this action for hearing or other proceeding herein, are under the supervision or control of such counsel, and have been advised by such counsel of their obligations hereunder;

(c) expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give Testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with Paragraph 8 hereof;

(d) the Court and court personnel, if disclosed or filed in accordance with Paragraphs 9 and 11 hereof, respectively;

(e) deposition witnesses and any officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with Paragraphs 10 and 12 hereof;

(f) trial witnesses, if furnished, shown or disclosed in accordance with Paragraph 11 hereof; and

(g) any other person agreed to in writing by the Producing Party.

7. Confidential Information shall be utilized by the Receiving Party only for purposes of the preparation of the above-captioned litigation, including appeals, and for no other purposes, including, but not limited to, for purposes of other business interests or other litigation, including, but not limited to, other lawsuits.

8. Before any disclosure of Confidential Information or Testimony is made to an expert witness or consultant pursuant to Paragraph 6(c), or to a non-party immediate family member pursuant to 6(b), counsel for the Receiving Party shall provide the individual with the attached Agreement to Respect Confidential Information (Exhibit A hereto), and secure such individual's signature.

9. Filings with the Court:

(a) Any party may file with the Court documents or Testimony designated as Confidential Information or any materials disclosing the contents of such Confidential Information under seal, after obtaining any required leave of court, by submission through the Court's ECF system. Upon final disposition of the lawsuit and all appeals, such sealed Confidential Information shall be destroyed by the Clerk or returned on request.

(b) All pleadings, briefs or memoranda which reproduce, paraphrase or disclose any Confidential Information shall be filed with the Court in the manner set forth in Paragraph 9(a) above.

(c) The parties agree, where possible, to file with the Court in the manner set forth in Paragraph 9(a) above only the confidential portions of Documents, Testimony, pleadings, briefs or memoranda.

10. Depositions may be designated as "confidential" by indicating that fact on the record at the deposition. If a designating party has advised the court reporter that Confidential Information has been disclosed during the deposition, the court reporter shall include on the cover page the following indication: "Deposition Contains Confidential Material Subject to Protective Order in "<u>T.S. and E.S. v. United Healthcare Services, Inc., et al.</u>" All depositions shall presumptively be treated Confidential Information and subject to this Stipulation during the

5

deposition and for a period of fifteen (15) days after a transcript of the completed deposition is prepared and received by those counsel who ordered it. At or before the end of such fifteen-day period, the Producing Party shall identify those pages of the completed transcript that party deems to be confidential. Counsel for the Producing Party shall only designate those portions of the deposition which actually address Confidential Information or can be reasonably and in good faith be associated with Confidential Information. If a hearing is scheduled less than 30 days after a deposition, then the fifteen-day period referenced in this paragraph shall be reduced to a five-day (5-day) period.

11. Should the need arise for any of the parties to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, counsel for the parties shall confer and attempt to agree before any hearing on the procedures under which Confidential Information is to be introduced into evidence or otherwise used at such hearing. Upon reaching agreement, counsel for the parties shall give notice of the terms of such agreement to each non-party producing any Confidential Information that may be used or introduced at such hearing. Absent agreement, the Court shall be asked to issue an order governing the use of such Confidential Information at any hearing upon reasonable notice to all parties and non-parties who have produced such information.

12. Any officer at a deposition or witness who is questioned about or shown Confidential Information, as provided in Paragraph 6(e) hereof, shall be provided with a copy of this Stipulation and Order and asked to execute the Agreement to Respect Confidential Information annexed hereto as Exhibit A. Counsel for the party obtaining the Agreement shall supply a copy to counsel for the other parties.

13. Nothing herein shall be deemed in any way to restrict the use of Documents or information which are available to a party independently of discovery in this litigation, whether or not the same material has been obtained during the course of discovery in this litigation and whether or not such Documents have been designated as Confidential Information.

14. Nothing herein shall be deemed to prohibit disclosure of any discovery material designated as Confidential Information to such persons as appear on the face of the Document to be its author or recipient, and nothing in this Stipulation shall be deemed to limit or prohibit disclosure or use of any Confidential Information by the Producing Party.

15. Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

16. Any Document or information that has been inadvertently produced without identification as to its "confidential" nature as provided in this Stipulation, may be so designated by the Producing Party by prompt written notice to the undersigned counsel for the Receiving Party identifying the Document or information as Confidential Information following the discovery that the Document or information has been produced without such designation.

17. The inadvertent production of any Document or other information during discovery in this litigation shall be without prejudice to any claim that such material is protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or ground for withholding production, and no party shall be held to have waived any rights by such inadvertent production. Upon written notice of an inadvertent production by the Producing Party, the Receiving Party shall make no further use of the Document or information until further order of the Court.

18. Nothing in this Stipulation shall operate to require the production of information or documents that are subject to attorney-client privilege, the attorney work product doctrine, or other privilege or protection from disclosure.

19. Extracts, summaries, compilations, notes, copies, electronic images or databases of Confidential Information shall also be treated in accordance with the provisions of this Stipulation.

20. This Stipulation and the production or disclosure of Confidential Information shall in no way constitute a waiver of each party's right to object to the production or disclosure of information in this action or in any other action, including, but not limited to, objecting to production on the basis of relevance, privilege, work-product, burdensomeness, trade secrets, and/or the existence of contractual or other legal requirements to protect confidentiality of certain requested information notwithstanding the existence of this Stipulation.

21. The designation of any Documents, Testimony or information as "Confidential" is intended solely to facilitate preparation for trial, and treatment in conformity with such designation will not be construed in any way as an admission or agreement that the designated Documents, Testimony or information contains any trade secret or confidential material, and/or is relevant or admissible with respect to the pending action.

22. If counsel for any party receives notices of any subpoena or other compulsory process commanding production of Confidential Information that a party has obtained under the terms of this Stipulation, counsel for such party shall notify the Producing Party in writing within two days prior to the compliance due date of the subpoena or compulsory process (if there are fewer than 10 days to comply) or at least seven days prior to the due date (if there are more than 10 days to comply), and shall not produce the Confidential Information until the Producing

Party has had reasonable time to take appropriate steps to protect the material. The party from whom such information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena or order.

23. Absent prior written consent of all parties and affected non-parties, this Stipulation shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on Documents or Testimony that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of any portion of the Stipulation.

24. Nothing herein shall be deemed an admission as to the relevance and/or admissibility in evidence of any facts or Documents revealed in the course of disclosure.

25. Nothing herein shall be deemed to prejudice in any way a party's ability to present a motion to the Court for a separate protective order, including but not limited to a motion seeking restrictions different from those specified herein.

26. Nothing herein shall constitute a waiver of any party's claims or defenses.

27. Within sixty (60) days after the final termination of this litigation by settlement, confirmed final judgment, or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof, shall be returned to the Producing Party (at the Producing Party's expense) or shall be destroyed, at the option of the Producing Party. In the event that any party chooses to destroy physical objects and Documents, such party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and Documents, and that such physical objects and Documents have been destroyed to the best of its knowledge. Notwithstanding anything to

the contrary, counsel of record for the parties may retain one copy of Documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. This Stipulation shall not be interpreted in a manner that would violate any applicable canons of ethics or rules of professional conduct. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

28. This Stipulation is entered into without prejudice to the right of any party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court. This Stipulation may be changed by further order of this Court.

29. This Stipulation is intended and shall permit the parties to file the administrative record under seal at such time as that procedural juncture is reached, it being recognized that the administrative record will contain personal identifying information and protected health information of one or more plaintiffs, including a minor child.

30. This Protective Order does not authorize filing protected materials under seal. No document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. See *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996). Unless the Court orders otherwise, all sealed documents shall be filed according to S.D. Ohio Civ. R. 5.2.1.

IT IS SO ORDERED.

10/21/19
Date

*Karen L. Litkovitz*
U.S. Magistrate Judge

STIPULATED AND AGREED TO BY:

/s/ Robert Armand Perez, Sr.
Robert Armand Perez, Sr. (0009713)
THE PEREZ LAW FIRM CO., L.P.A.
6921 Fox Hill Lane
Cincinnati, OH 45236
Telephone: (513) 891-8777
Facsimile: (513) 891-0317
Email: rperez@cinci.rr.com

*Attorney for Plaintiffs T.S. and E.S.*

/s/ Katheryn M. Lloyd
Katheryn M. Lloyd (0075610)
Emily M. Vincent (0086931)
Meagan N. Roeth (0089161)
CARPENTER, LIPPS & LELAND, LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, OH 43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145
lloyd@carpenterlipps.com
vincent@carpenterlipps.com
roeth@carpenterlipps.com

*Attorneys for Defendants United HealthCare Services, Inc. and United Behavioral Health*

/s/ Kristine Woliver
Kristine Woliver (0092175)
SQUIRE, PATTON, BOGGS, (USA) LLP
2000 Huntington Center
41 South High Street
Columbus, OH 43215
Telephone: (614) 365-2792
Facsimile: (614) 365-2499
Email: kristine.woliver@squirepb.com

*Attorney for Defendant Deloitte LLP Group Insurance Plan*

EXHIBIT "A"

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

T.S. and E.S.,

    Plaintiffs,

v.

United Healthcare Services, Inc., et al.,

    Defendants.

Case No. 1:19-cv-443

Judge Susan J. Dlott

Magistrate Judge Karen L. Litkovitz

## **AGREEMENT TO RESPECT CONFIDENTIAL INFORMATION**

I, _____, state that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____
_____.

4. I received a copy of the Stipulation for the Production and Exchange of Confidential Information (the "Stipulation") entered in the above-entitled action on _____.

5. I have carefully read and understand the provisions of the Stipulation.

6. I will comply with all of the provisions of the Stipulation.

7. I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this action, any Confidential Information that is disclosed to me.

8. I will return all Confidential Information that comes into my possession, and Documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information, within thirty (30) days of receipt of a request to do so.

9. I will delete all electronic records of Confidential Information that comes into my possession, and Documents or things that I have prepared related thereto, and certify the same to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information, within thirty (30) days of receipt of a request to do so.

10. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulation in this action.

Dated:_____ _____
Signature

_____
Printed name, and if applicable, title